NO. DC-13-447

FILED AT 12:18 O'CLOCK P M
JUN 06 2013
ELOY R. GARCIA
DISTRICT CLERK STARR CO. TX
BY _____ DEPUTY

| | | |
|---|---|---|
| JUANITA GARZA | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | STARR COUNTY, TEXAS |
| | § | |
| JANET KAY GRIFFIN | § | |
| and CELADON TRUCKING | § | 381st JUDICIAL DISTRICT |
| SERVICES, INC. | § | |

**PLAINTIFF'S ORIGINAL PETITION
WITH JURY DEMAND AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JUANITA GARZA, Plaintiff in the above entitled and numbered cause, complaining of and against, JANET KAY GRIFFIN and CELADON TRUCKING SERVICES, INC., Defendants herein, and for causes of action would respectfully show unto the Court the following:

I.

Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff, JUANITA GARZA, requests a Level 3 discovery control plan.

II.

Plaintiff is a resident of Starr County, Texas.

Defendant, JANET KAY GRIFFIN, is an individual residing in the State of Tennessee, who, pursuant to the provisions of Section 17.061, et seq., Texas Civil Practice and Remedies Code, and §17.041, et seq., the Texas Long-Arm Statute, may be served by and through the Texas Transportation Commission, 125 East 11th Street, Austin, Texas 78701-2483, via certified mail

A TRUE COPY I CERTIFY
ELOY RUBEN GARCIA
JUL 02 2013
DISTRICT CLERK, STARR COUNTY, TEXAS
BY _____ DEPUTY

receipt requested, who shall then forward the citation and petition to Defendant, JANET KAY GRIFFIN, 418 North Broadway, Portland, TN 37148.

Defendant CELADON TRUCKING SERVICES, INC. is a Foreign For-Profit Corporation doing business in the State of Texas and may be served with service of process by serving its Registered Agent, National Corporate Research, Ltd., 800 Brazos, Suite 400, Austin, TX 78701.

III.

Venue is proper in Starr County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.001 *et seq.* because all or a substantial part of the events or omissions giving rise to the claims arose in Starr County, and because Plaintiff and one or more defendants did then and do now reside in Starr County, Texas. This Court has jurisdiction over the parties and subject matter hereof

IV.

On or about January 18, 2013, Plaintiff, JUANITA GARZA, was involved in an accident which occurred in Roma, Starr County, Texas. At the time in question, Plaintiff sustained serious and disabling injuries when the automobile she was in, was struck by a motor vehicle, which was operated by Defendant, JANET KAY GRIFFIN, and owned by Defendant, CELADON TRUCKING SERVICES, INC.

V.

At the time of the accident made the basis of this suit, Defendant, JANET

KAY GRIFFIN, was operating the aforementioned vehicle in a negligent and careless manner in the following respects which, among others, may be shown at the trial of this cause:

1. In failing to keep a proper lookout;

2. In failing to timely make application of her brakes;

3. In failing to timely swerve or otherwise maneuver her vehicle so as to avoid the collision made the basis of this suit;

4. In failing to operate the vehicle in a reasonable and prudent manner;

5. In failing to operate the vehicle in obedience to traffic laws and regulations;

6. In violation of the TEX. TRANSP. CODE ANN. §545.401 *et seq.*;

7. Driver inattention; and

8. Failed to control speed.

Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident, and the injuries sustained by the Plaintiff.

VI.

Defendant, JANET KAY GRIFFIN, was an agent and/or servant of Defendant, CELADON TRUCKING SERVICES, INC. As such, Defendant is responsible for the conduct of Defendant, JANET KAY GRIFFIN, due to the master-servant relationship which existed, and under the doctrine of Respondeat Superior.

Defendant, JANET KAY GRIFFIN, was an employee, agent and/or servant of Defendant, CELADON TRUCKING SERVICES, INC. As such, Defendant, CELADON TRUCKING SERVICES, INC. is responsible for the conduct of Defendant, JANET KAY GRIFFIN, among other acts and omissions of negligence which may be shown at the trial of this cause. Additionally, and without waiving any of the foregoing, said Defendant, CELADON TRUCKING SERVICES, INC., negligently entrusted the vehicle and duties and responsibilities to Defendant, JANET KAY GRIFFIN, because it knew and/or had reason to know that she was not a safe and prudent driver. The negligence was a proximate cause of Plaintiff's damages.

Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident, and the injuries sustained by Plaintiff, JUANITA GARZA. Moreover, the negligence of Defendants, in violating the Texas Transportation Code, as described above, constitutes negligence as a matter to each Defendant.

VII.

Plaintiff, JUANITA GARZA, would show that nothing that she did, or failed to do, in any way contributed to this accident.

VIII.

Said elements of damage which Plaintiff, JUANITA GARZA, seek to recover from the Defendants include compensation for the following:

1. The physical pain and disability sustained by Plaintiff from date of

   injury to the time of trial;

2. Future physical pain and disability reasonably anticipated to be sustained by Plaintiff in the future;

3. Mental anguish and suffering sustained by Plaintiff from date of injury to time of trial;

4. Mental anguish and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

5. Loss of earnings sustained by Plaintiff from date of injury to time of trial;

6. Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

7. Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

8. Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

9. Past and future physical disfigurement;

10. Past and future physical impairment;

11. Loss of use; and

12. Property damage.

As such, Plaintiff, JUANITA GARZA, affirmatively pleads that she seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

IX.

Plaintiff requests a jury trial.

X.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are hereby requested to disclose, within fifty (50) days of service of this document, the

information or material described in the Request for Disclosures below. Please serve your responses on counsel representing this Plaintiff, and produce true and correct copies of all documents and other tangible items with your responses, in accordance with Rule 194.4.

Plaintiff requests disclosure of the following, pursuant to Rules 194.2(a) through 194.2(l):

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of Defendant's claims or defenses;

(d) the amount and any method of calculating economic damages;

(e) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f) for any testifying expert:

    (1) the expert's name, address, and telephone number;

    (2) the subject matter on which the expert will testify;

    (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of Defendant, documents reflecting such information;

    (4) if the expert is retained by, employed by, or otherwise subject to the control of Defendant:

        (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the

        expert's testimony; and

    (B)    the expert's current resume and bibliography;

(g)    any discoverable indemnity and insuring agreements;

(h)    any discoverable settlement agreements;

(i)    any discoverable witness statements;

(j)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)    the name, address, and telephone number of any person who may be designated as a responsible third party.

## XI.

In the alternative, Plaintiff would show that if any injury and/or condition from which she currently suffer was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

## XII.

In the alternative, Plaintiff would show that if she suffers from any subsequent injury and/or condition then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

XIII.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that these Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recovers from said Defendants, jointly and severally, a sum over $200,000.00 but not more than $1,000,000.00, costs of Court, pre-judgment and post-judgment interest at the legal rate, and demand for judgment for all other relief to which the Plaintiff deemed herself entitled.

Respectfully submitted,

STERN LAW GROUP

_____
JEFFREY M. STERN
SBN: 19175660
4909 Bissonnet St., Suite 100
Bellaire, Texas 77401
713/661-9900
713/666-5922 Facsimile
**ATTORNEY FOR PLAINTIFF**